**Nikita Shonta PETTIES,
et al., Appellees,**

v.

**DISTRICT OF COLUMBIA,
et al., Appellants.**

No. 99–7228.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 6, 2000.

Decided Oct. 6, 2000.

Lutz Alexander Prager, Assistant Deputy Corporation Counsel, argued the cause for appellants. With him on the briefs were Robert R. Rigsby, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel.

James L. Feldesman argued the cause for appellees. With him on the brief was Tanya A. Harvey. Jennifer P. Rosenberg entered an appearance.

Before: EDWARDS, Chief Judge, GINSBURG, and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

The district court issued interim awards of attorneys' fees to plaintiffs in this ongo-

ing class action suit against the District of Columbia for failing to comply with the Individuals with Disabilities Education Act (IDEA). Pursuant to Federal Rule of Civil Procedure 54(b), the district court certified two of those interim awards for immediate appeal. We conclude that this court lacks jurisdiction to review the awards for want of either a final or a collateral order.

## I. Background

The plaintiff children instituted a class action against the District of Columbia in January, 1995, stating a cause of action under 42 U.S.C. § 1983 based upon the District's noncompliance with the IDEA, 20 U.S.C. §§ 1400 *et seq.* In March, 1995 the district court preliminarily enjoined the District to fund private school placements that would meet the special educational needs of the plaintiffs. In July, 1995 the plaintiffs amended their complaint to allege continuing violations by the District.

Between April and September 1995 the district court issued a series of injunctions and contempt orders in an effort to bring the District into compliance with the IDEA. *See Petties v. District of Columbia,* 897 F.Supp. 626, 627–28 (D.D.C.1995). In June, 1995 the plaintiffs, in order to finance this continuing litigation, began filing quarterly motions for attorneys' fees. Their first 14 such motions, which the District did not oppose, were based upon the provision for attorneys' fees in the IDEA.

In October, 1998 the Congress passed the D.C. Appropriations Act of 1999, § 130 of which limited the attorneys' fees the District could pay (per hour and per case) under the IDEA in Fiscal Year 1999. The District then sought to vacate the order granting the plaintiffs' fourteenth motion for attorneys' fees, and contested the plaintiffs' fifteenth and sixteenth such motions, maintaining that the district court may not award fees in excess of the amounts specified in the Appropriations Act. The plaintiffs responded that they are entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 1983 and the Rehabilitation Act of 1973, 29 U.S.C. § 794, rather than the IDEA.

The district court agreed. The court reasoned that the plaintiffs' case must have been brought under § 1983, as stated in the amended complaint, because the suit could not have been brought under the IDEA; the "plaintiffs were not aggrieved by decisions that were made .... by the hearing officers" under the IDEA, but by the District's failure to discharge its already-adjudicated obligations. Recognizing the urgency to the parties of the attorneys'. fee issue, the district court opined that "if either side wants to go to the Court of Appeals, th[en] they ought to be able to do it sooner rather than later." Pursuant to Rule 54(b), therefore, the court gave "an express direction for the entry of judgment" on plaintiffs' fifteenth and sixteenth motions for attorneys' fees and made an "express determination that there is no just reason for delay."

The District of Columbia appealed that judgment (No. 99–7228) and separately appealed from the following orders concerning the fourteenth, fifteenth, and sixteenth motions for attorneys' fees: the initial orders to pay the awards (No. 99–7109); the order lifting the stay of the District's obligations to pay portions of the awards not in dispute (No. 99–7194); and the order certifying the fifteenth and sixteenth awards for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (No. 99–8004). A motions panel of this court denied leave to pursue the interlocutory appeal (No. 99–8004) and dismissed the two appeals (Nos. 99–7109 and 99–7194) that the district court had not certified under Rule 54(b), holding that the fourteenth, fifteenth, and sixteenth orders to pay attorneys' fees "are not final nor do they fall within the collateral order doctrine, *see Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), because they will be reviewable upon entry of a final judgment." *Petties v.*

*District of Columbia,* 1999 WL 1336123, at *1 (D.C.Cir.1999). At the same time the panel directed the parties to brief the question whether this appeal (No. 99–7228) was properly certified under Rule 54(b).

## II. Analysis

■ Rule 54(b) authorizes the district court to "direct the entry of a final judgment as to one or more but fewer than all of the claims [in an action] ... upon an express determination that there is no just reason for delay." The rule thus permits the district court to "function[ ] as a 'dispatcher,' determining in its sound discretion when a claim should proceed on to appellate resolution and when it should await its fellows." *Taylor v. FDIC,* 132 F.3d 753, 760 (D.C.Cir.1997).

■ At the same time, the rule "does not relax the finality required of each decision, as an individual claim, to render it appealable"; it simply permits the appeal of a claim as to which the district court has reached a final judgment while other claims remain to be resolved in the district court. *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 435, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). In other words, the district court "cannot, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of [28 U.S.C.] § 1291." *Id.* at 437, 76 S.Ct. 895 (emphasis deleted). Nor can this court, notwithstanding the district court's certification per Rule 54(b), properly review "a judgment that is not final by ordinary standards." *Taylor,* 132 F.3d at 760 n. 2.

■ The Supreme Court has recognized but a single variation on the theme of finality, namely, the collateral order doctrine. To qualify, an "order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

■ A motions panel of this court has already determined, however, that the fifteenth and sixteenth orders at issue in this case "are not final nor do they fall within the collateral order doctrine, *see Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), because they will be reviewable upon entry of a final judgment." *Petties,* 1999 WL 1336123, at *1. Does it matter that this particular appeal has been certified by the district court under Rule 54(b)? That is the question the motions panel put to the parties, and we now answer it in the negative. Indeed, the prior panel's own decision dooms this appeal. Under this court's practice, a decision of the motions panel is the law of the case; a later panel considering the merits is bound by that law. *See Taylor,* 132 F.3d at 761. Because the motions panel has determined that the interim awards of attorneys' fees will be reviewable when the district court enters a final judgment in this case, we are bound to conclude that the court lacks jurisdiction over this appeal.

The District agrees with our account of Circuit practice but nonetheless argues, along with the plaintiffs, that we should revisit the decision of the motions panel and assert jurisdiction. While neither party claims the orders under review have the requisite finality, both parties attempt to show they will suffer irreparable injury so as to warrant interlocutory appeal.

For its part, the District argues that the orders harm it irreparably by frustrating the intent of the Congress that the District's liability for attorneys' fees be capped as provided in § 130 of the Appropriations Act; by depriving District students, insofar as attorneys' fees exceed the caps, of monies appropriated for their use; and by diverting funds from their intended purpose, in violation of the Appropriations Clause, art. I, § 9, cl. 7 of the Constitution of the United States. To the extent these arguments take issue with the prior determination of the motions panel, they are foreclosed. To the extent they suggest

that the Rule 54(b) certification alters our jurisdictional inquiry under § 1291, they are misconceived. The cases the District itself cites emphatically confirm this. *See Estate of Drayton v. Nelson,* 53 F.3d 165, 167 (7th Cir.1994) ("Rule 54(b) cannot be used to make the award appealable"); *People Who Care v. Rockford Bd. of Educ. Dist. No. 205,* 921 F.2d 132, 134 (7th Cir. 1991) ("Rule 54(b) allows the entry of judgment only with respect to the final disposition of a claim for relief"); *Shipes v. Trinity Industries, Inc.,* 883 F.2d 339, 342 (5th Cir.1989) ("Rule 54(b) ... relaxes only the 'judicial unit' aspect of finality principles and otherwise operates within the constraints of statutory finality"). The plaintiffs' arguments fare no better. The precedents cited above utterly refute their central argument, namely, that Rule 54(b) certification distinguishes this appeal from those the motions panel dismissed.

Plaintiffs also argue that even if the collateral order doctrine does not apply here, "orders compelling the immediate transfer of property may be appealable where irreparable harm will result." In support of this proposition they cite *Forgay v. Conrad,* 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848), in which the Supreme Court held that an interlocutory appeal may be taken when an interim order would immediately transfer a party's property; they further point to a more recent dictum of the Seventh Circuit to the effect that an interim award of attorneys' fees might present a situation like that in *Forgay* because there are "chancy prospects of recoupment at the end." *People Who Care,* 921 F.2d at 135. While we are not at all sure that *Forgay* has continuing vitality apart from the collateral order doctrine, it is obvious in any event that plaintiffs' showing falls short of the mark this court has established. *See National Association of Criminal Defense Lawyers, Inc. v. U.S. Dept. of Justice,* 182 F.3d 981, 985 (1999) (irreparable injury can be shown only where the party awarded fees "will likely be unable to repay the fees if the award is later reduced or overturned"). Plaintiffs say they "cannot guarantee to the Court that [plaintiffs'] counsel will not become judgment proof by the time the litigation is concluded." Of course, there are precious few guarantees in life and virtually none when it comes to financial affairs; merely acknowledging this undeniable possibility, however, falls far short of showing it "will likely" come to pass. On plaintiffs' rationale, interim awards would be appealable as a matter of course. That clearly is not the law of this court, much less of this case.

The plaintiffs advert to the "numerous and complex tax and accounting dilemmas" they must confront if this court does not promptly and definitively resolve the propriety of the attorneys' fees awarded them. The uncertainty surrounding their right to attorneys' fees in the amounts awarded does indeed create formidable practical difficulties for them, to which this court is not unsympathetic. The district court is free to consider any proposals counsel may make for easing their predicament. These might include placing interim awards partially in escrow with the district court until this litigation is concluded, but they do not include expanding our appellate jurisdiction beyond the final and collateral orders that this court is authorized to review.

## III. Conclusion

For the foregoing reasons we conclude that the court lacks jurisdiction over this appeal, which is, therefore,

*Dismissed.*