**Mikeisha BLACKMAN,**
**et al., Plaintiffs,**

v.

**DISTRICT OF COLUMBIA,**
**et al., Defendants.**

**James Jones, et al., Plaintiffs,**

v.

**District of Columbia, et al., Defendants.**

**Nos. CIV. A. 97–1629(PLF),**
**CIV. A. 97–2402(PLF).**

United States District Court,
District of Columbia.

May 10, 2001.

Tamara Lynn Seltzer, Bazelon Center for Mental Health Law, Washington, DC, Charles Anthony Moran, Washington, DC, Ronald Lee Drake, Washington, DC, Myrna L. Fawcett, Bonita Alexis Jones–Moon, Fawcett & Fawcett, Washington, DC, Paul Leonard Chassy, Chassy & Chassy, Kensington, MD, Margaret A. Kohn, Kohn & Einstein, Washington, DC, Andrew L. Lipps, Ky Elaine Kirby, Alisa H. Reff, Swidler, Berlin, Shereff & Friedman, L.L.P., Washington, DC, Carolyn W. Houck, Chevy Chase, MD, for Mikesha Blackman by Mary Ann Blackman.

48

Tamara Lynn Seltzer, Bazelon Center for Mental Health Law, Washington, DC, Charles Anthony Moran, Washington, DC, Paul Leonard Chassy, Chassy & Chassy, Kensington, MD, Andrew L. Lipps, Ky Elaine Kirby, Alisa H. Reff, Swidler, Berlin, Shereff & Friedman, L.L.P., Washington, DC, for Daryl Buckner by Dr. Paul Chassy, James Jones by Carolyn Jones.

Tamara Lynn Seltzer, Bazelon Center for Mental Health Law, Washington, DC, Charles Anthony Moran, Washington, DC, Andrew L. Lipps, Ky Elaine Kirby, Alisa H. Reff, Swidler, Berlin, Shereff & Friedman, L.L.P., Washington, DC, for Samantha Jones by Diane Jones, Porshanay Long by Rosa Long, Leonard Lucas by Carol Dalton, Henderson Manning by Phyllis Wright, Monique Preston by Gloria Sprauve, Donald Slaughter by Harold Slaughter.

James E. Williams, III, Jester & Williams, Washington, DC, for John Young.

Sara Dorsch, Children's Law Center, Washington, DC, Daniel Adlai Katz, Andalman & Flynn, Silver Spring, MD, for Michael Edmonds.

James Edward Brown, Travis Anthony Murrell, Murrell & Brown, Washington, DC, for Andrew Durham.

Elizabeth Tacy Jester, James E Williams, III, Jester & Williams, Washington, DC, for Jerome Morris, Gloria Morris, Terry Goings, Janikwa Henry, Sheila Link, Demarkus Link, Joeann Lewis, Robert Lewis, Mattie Cheeks, Reginald Alston, Cecilia Ginyard, Mary Wesley, Diane Blackwell, Equilla Blackwell, Zina Smith, Shawn Sanders, Elizabeth Jones, Wayne Young.

Elizabeth Tacy Jester, Jester & Williams, Washington, DC, for Sharon Stafford, Kevona Stafford, Dionne Timmons, Delores Mitchell, Travis Mitchell,

Raynard Hough, Myculle Miller, Michelle Bridgeford.

Anna Elizabeth Jenefsky, Washington, DC, for Jenee Mosley.

Myrna L. Fawcett, Bonita Alexis Jones-Moon, Fawcett & Fawcett, Washington, DC, for Rosa Sharpe, James Howard, Deborah Foster, Denis Foster, Carolyn Rogers, Melody Simms, Joycene Higson, Kenneth Wills, Sharon Slade, Van Slade, Shirley Marrow, Sharnieka Marrow, Shelby Lucas, Donnell Miller, Elise Richardson, Michael Richardson, Ethel Wright, Mosis Blackmon.

Karen D. Alvarez, Washington, DC, for Chanette Alston, Alvero Mayen, Wendy Mayen.

Bonita Alexis Jones-Moon, Fawcett & Fawcett, Washington, DC, for Kim Davis, John Davis.

Myrna L. Fawcett, Fawcett & Fawcett, Washington, DC, for Paula Velasquez, Christian Cruz, Peter Howard.

James E. Williams, III, Jester & Williams, Washington, DC, for Martha Harris, Jarnese Harris.

Ellen Douglass Dalton, Paul S. Dalton, Dalton & Dalton, P.C., Alexandria, VA, for Marion Bittle, Ida Mae Thomas, Jennifer Franklin, Tammy Pleasant, ex rel., Anthony Pleasant, Paulette Glenn ex rel., Julius Johnson, Gloria Adams ex rel., Latoya Adams, Lakisha Webster ex rel., Stephanie Flood, Marcus Washington.

Arthur Hughes Fawcett, Jr., Mryna L. Fawcett, Fawcett & Fawcett, Washington, DC, for Michael Richardson, Elsie Richardson.

Diana Marjorie Savit, Karp, Frosh, Lapidus, Wigodsky & Norwind, P.A., Rockville, MD, for Louisa Caroline Wagley, by Polly King.

Daniel Herbert Margolis, Patton Boggs, L.L.P., Washington, DC, William Johnson Earl, Jr., Edward P. Taptich, Nancy S. Schultz, Urenthea McQuinn, Cary Dale Pollack, Lisa Annette Bell, Robert C. Utiger, Melvin W. Bolden, Jr., Robert Ray Rigsby, Jeffrey Thomas Infelise, Andrew W. Racca, Office of Corp. Counsel, D.C., Washington, DC, Veleter Mazych, Cathye Hopkins, DCPS General Counsel, Washington, DC, Laurie Pouzzner McManus, Arlington, VA, for District of Columbia.

Barbara A. Miller, Lisa Annette Bell, Robert C. Utiger, Office of Corp. Counsel, D.C., Washington, DC, Laurie Pouzzner McManus, Arlington, VA, for District of Columbia Public Schools.

Lisa Annette Bell, Robert C. Utiger, Office of Corp. Counsel, D.C., Washington, DC, Laurie Pouzzner McManus, Arlington, VA, for Julius W. Becton, Jr.

Charles Anthony Moran, Washington, DC, for Sherita Taylor.

Charles Anthony Moran, Washington, DC, for Keineth Ewell, Shontay Alexander, Jay Brown, Delonte Taylor, Vincent Martin, Aaron Sanders, Debra Y, DeAngelo McNeil, Teon Lindsey, Derrick Boney, Mirian Batista, Antwon Lee, Marcus Taylor, Kieran Ewell, Grace Creek, Bronzella Alexander, Corrie Stoney, Jacqueline Nero, Maria James, Thomasia Moore, Ione Moody, Darlene Taylor, Herbert Herbert, Branda Taylor, Karen howze, Angela Wells, Gloria Leak Shelby, Cynthia Lewis, Brunilda Sandoval, Denise Lee.

*OPINION AND ORDER*

PAUL L. FRIEDMAN, District Judge.

On September 13, 2000, the Court issued a Memorandum Opinion and Order awarding plaintiff Michael Edmonds $32,709.25 in attorneys' fees and costs. The Court ordered defendants to pay a portion of the attorneys' fees and all of the costs immediately and stayed the payment of the remainder of the fee award "pending the outcome of the *Petties* appeal and/or until the [fee] cap [enacted by Congress] expires or is repealed." *Blackman v. District of Columbia*, Civil Action No. 97–1629, Opinion at 3 (D.D.C. Sept. 13, 2000). Plaintiff seeks payment of the balance of the fee on the ground that the court of appeals has now decided *Petties*. Defendant opposes the motion. Upon consideration of the arguments of the parties, the Court finds no reason to maintain the stay. It therefore grants plaintiff's motion and directs the District of Columbia immediately to pay the remainder of the attorneys' fees previously awarded.

## I. BACKGROUND

These consolidated actions were filed under the Civil Rights Act of 1964, 42 U.S.C. § 1983, to enforce the rights of the plaintiff class members under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.* Plaintiff Michael Edmonds is a member of the *Blackman* class. On September 13, 2000, the Court issued a Memorandum Opinion and Order in which it analyzed plaintiff Edmonds' August 30, 1999, motion for attorneys' fees and costs under the framework set forth in *Blackman v. District of Columbia*, 59 F.Supp.2d 37 (D.D.C.1999) ("*Blackman II* "). See *Blackman v. District of Columbia*, Civil Action No. 97–1629, Opinion at 1 (D.D.C. Sept. 13, 2000) (Memorandum Opinion and Order regarding the claim of Michael Edmonds) ("*Blackman III* "). Plaintiff originally sought $33,595.00 in attorneys' fees and $27.25 in costs for a total of $33,622.25. The Court concluded that plaintiff was reasonably entitled to $32,682 in attorneys' fees, a reduction of $913.00, along with the

$27.25 in costs, for a total award of $32,709.25.

Although the Court awarded plaintiff $32,709.25 in attorneys' fees and costs, defendants were required to pay only $287.25 of the award at that time—$27.25 in costs plus $260.00 in attorneys' fees—because of the statutory limitations of Section 129 of the District of Columbia Appropriations Act of 2000, Pub.L. No. 106–113, 113 Stat. 1501 (1999).[1] Section 129 set a cap of $60 per hour and an overall cap of $1,560 per student with respect to proceedings brought against the District of Columbia under the IDEA.[2] In its September 13, 2000 Opinion and Order, the Court stayed payment with respect to the remainder of the award of attorneys' fees pending the expiration or repeal of the statutory cap and/or a decision by the court of appeals in *Petties v. District of Columbia*, Civil Action No. 95–148.

This Court has held that the statutory cap does not limit the Court's authority to *award* reasonable attorneys' fees in cases brought pursuant to the IDEA, even though the statutory cap may limit the District's ability to *pay* the full amount of the fees awarded in a given fiscal year so long as the fee cap remains on the books. *See Calloway v. District of Columbia*, Civil Action No. 99–0037, Order (D.D.C. May 14, 1999). The court of appeals affirmed this Court's decision in *Calloway*, holding that the statutory cap does not limit the power of a court to award attorneys' fees

above the amount set by the cap, only the authority of the District to make payments of attorneys' fees in excess of the cap. *See Calloway v. District of Columbia*, 216 F.3d 1, 9–12 (D.C.Cir.2000).

In *Petties*, another class action suit in which plaintiffs have challenged the District's delivery of special education services, the Court held on May 12, 1999 that the statutory cap on attorneys' fees (at that time Section 130) does not apply at all to actions brought pursuant to 42 U.S.C. § 1983 to enforce rights accorded under the IDEA. *See Petties v. District of Columbia*, Civil Action No. 95–148, Motions Hearing (D.D.C. May 12, 1999) ("5/12/99 Tr.") at 77–86, 97–103; *see also Petties v. District of Columbia*, 55 F.Supp.2d 17, 18 (D.D.C.1999). On October 6, 2000, the court of appeals decided that it had no jurisdiction to review this Court's award of attorneys' fees in *Petties* and would not have jurisdiction until this Court enters a final judgment in that case. *See Petties v. District of Columbia*, 227 F.3d 469, 472 (D.C.Cir.2000)

## II. DISCUSSION

Plaintiff argues that because the court of appeals now has issued a decision in *Petties*, the Court should lift the stay placed on the payment of the remainder of the attorneys' fees previously awarded and require the District to make payment in full within 30 days. Defendants respond that

---

1. The statutory cap on attorneys' fees has been revised several times during its existence. The cap first appeared in Section 130 of the Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999, Pub.L. No. 105–277, 122 Stat. 2681, 2681–138 (1998), then in Section 129 of the District of Columbia Appropriations Act of 2000, Pub.L. No. 106–113, 113 Stat. 1501, 1517 (1999), and most recently in Section 122 of the District of Columbia Appropriations Act of 2001, Pub.L. No. 106–522, 114 Stat. 2440,

2464 (2000). Although the hourly rate and annual cap have increased each year, the provision's language has remained essentially the same.

2. Because the Court already had awarded plaintiff Edmonds $1300.00 in attorneys' fees on March 2, 2000, the Court could require the District to pay only an additional $260.00 in attorneys' fees before reaching the $1560.00 cap.

the Court issued the stay pending appeal in *Petties* to allow the D.C. Circuit to rule on the merits of this Court's decision that the statutory attorneys' fee cap did not apply to cases brought under 42 U.S.C. § 1983, an issue still not decided by the Circuit. *See Petties v. District of Columbia*, 227 F.3d at 472. Because the *Petties* appeal was decided on jurisdictional grounds rather than on the merits, defendants urge the Court to allow the stay to remain in place either until the statutory cap on attorneys' fees is lifted by Congress or until the *Petties* class action litigation is settled and this Court issues a final, appealable order.

When it ordered the District to make only a partial payment of attorneys' fees on September 13, 2000, the Court operated under the assumption that the court of appeals in *Petties* would reach the merits of the issue that was so vigorously litigated before this Court—whether the statutory attorneys' fees cap did or did not apply to actions brought under 42 U.S.C. § 1983 to enforce rights under the IDEA. *See Blackman III*, Civil Action No. 97–1629, Opinion at 1; *Blackman II*, 59 F.Supp.2d at 39; *Blackman v. District of Columbia*, Civil Action No. 97–1629, Opinion at 8–15 (D.D.C. June 3, 1998) ("*Blackman I*"). The court of appeals did not deal with the merits of this Court's decision in *Petties*, however, and—in view of the tortuous path this litigation has taken and continues to take—it may not do so for years to come, if ever. In the meantime, this Court has held that while the statutory cap on attorneys' fees applies to actions brought directly under the IDEA, it does not apply at all to actions brought pursuant to 42 U.S.C. § 1983 to enforce rights accorded under the IDEA. *See* 5/12/99 Tr. at 77–86, 97–103; *Petties v. District of Columbia*, 55 F.Supp.2d at 18; *Blackman II*, 59 F.Supp.2d at 39. In the absence of a decision to the contrary by the court of

appeals, this Court's decision in *Petties* governs fee applications in this and all related or similar special education cases.

The District's argument that, despite this Court's decision in *Petties*, the statutory fee cap applies to attorneys' fees sought in *Blackman* is unavailing. In essence, it argues that Section 1983 has been invoked in the *Blackman* cases merely as a procedural device to bring IDEA violations into court and that *Blackman* is really an IDEA case; thus, the statutory cap on attorneys' fees should apply. The District also argues that even if Section 1983 is not being used by plaintiffs simply as a procedural device, the Court should adopt a broad interpretation of the statutory cap based on its legislative history; under this broad interpretation, the statutory fee cap would apply in the *Blackman, Jones* and similar cases because they concern the IDEA. Finally, the District suggests that because plaintiff Edmonds has failed to prove defendant's custom or practice of denying a constitutional or statutory right and has alleged no constitutional or statutory basis for his claim other than the IDEA, this case may not proceed under Section 1983.

The problem with defendants' arguments is that the Court already has considered and rejected them in *Petties* and in *Blackman I*. In *Petties*, the Court read Section 1415(i) of the IDEA as providing that a plaintiff could bring suit under the IDEA only if he or she was "aggrieved" by a decision made by a hearing officer. *See* 5/12/99 Tr. at 84–85, 97. The Court concluded that the plaintiffs in the *Petties* class could not sue under the IDEA because they were not aggrieved by hearing officer decisions; in fact, they were successful in the administrative process and would have benefitted from those decisions if only they had been implemented by the

District. *See id.* at 97–98.[3] But the District failed to follow or implement the hearing officers' decisions, and thus the *Petties* plaintiffs were "aggrieved by" the District's inability, unwillingness or failure to assure that the rights that plaintiffs had secured through the administrative process were realized, the District in that case having stopped paying private providers. *Id.* at 97–98. The *Petties* plaintiffs therefore had the right to seek judicial relief not under the IDEA itself, but—pursuant to clear congressional directive in a 1986 amendment to the IDEA—under the savings clause of the IDEA, Section 1415(*l*), a section that permits suits under Section 1983 and other relevant statutes. *Id.* at 84–85, 97–98; *see also Walker v. District of Columbia*, 969 F.Supp. 794, 796–97 (D.D.C.1997) (Congress intended to preserve alternative civil rights remedies, including those available under Section 1983, to vindicate rights crated by the IDEA).[4]

As this Court stated in *Petties:*

> [W]hat Congress recognized in passing [Section] 1415(*l*) was that there are some people who have interests under the Individuals with Disabilities Education Act or interests in special education … that don't qualify to go to court under [Section] 1415(i) [of the IDEA]. And the Petties plaintiffs are those plaintiffs.

\*    \*    \*    \*    \*    \*

[I]t isn't under [Section] 1415(i) that [these plaintiffs] come to court. Rather, they have to find some other way to come to court, and … in an effort to overrule [*Smith v. Robinson*, 468 U.S. 992, 1008–09, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984)], which said that the IDEA is the exclusive avenue through which the child or [his or her] parent or guardian can pursue their claim[,] Congress passed [Section] 1415(*l*) of the IDEA [which] surely means that in a case where you are aggrieved but not by virtue of the findings or decisions of the ALJ or the process set forth here, you have a right to come to court under [Section] 1983 or some other statute if it's appropriate.

5/12/99 Tr. at 97–98.

At the time this Court made its decision in *Petties,* the statutory cap appeared in Section 130(a) of the Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999, Pub.L. No. 105–277, 112 Stat. 2681, 2681–138 (1998). That statute provided:

> None of the funds contained in this Act may be made available to pay the fees of an attorney who represents a party who prevails in an action, including an administrative proceeding, brought against the District of Columbia Public Schools under the Individuals with Disabilities Education Act.[5]

---

**3.** 20 U.S.C. § 1415(i)(2)(A) provides:

Any party aggrieved by the findings and decision made under subsection (f) or (k) of this section who does not have the right to an appeal under subsection (g) of this section, and any party aggrieved by the findings and decision under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy.

**4.** 20 U.S.C. § 1415(*l*) provides:

Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities....

**5.** The language of this provision has remained the same except that in the most recent version of the statutory cap, the phrase "or any

Based on its plain reading of this language, the Court held that the statutory cap applies only when attorneys' fees are incurred in suits brought directly under the IDEA itself and not in suits brought under Section 1983. *See* 5/12/99 Tr. at 99–101. "[Section 130] does nothing to change the rights of prevailing parties in [Section] 1983 actions which rights remain intact under [42 U.S.C. § ] 1988." *Id.* at 100. Thus, with respect to attorneys' fees sought by lawyers representing the plaintiffs in the *Petties* class, the Court held that the statutory cap simply was not applicable.

Like the *Petties* plaintiffs, the plaintiffs in *Blackman* and *Jones* also were not aggrieved by decisions made by hearing officers and thus could not sue under the IDEA itself. Instead, these plaintiffs were aggrieved by the District's failure to provide timely due process hearings, its failure to implement hearing officer determinations, or its failure to provide the relief promised in settlements reached with the District. *See Blackman I*, Civil Action No. 97–1629, Opinion at 10–15. The Court therefore concluded that because the *Blackman* and *Jones* plaintiffs could not sue under the IDEA, Section 1415(*l*) gave them recourse to the courts under Section 1983 to vindicate their IDEA rights. *See id.* at 8–15. It also concluded that the reasoning of *Petties* applied: the statutory cap does not apply to suits brought under Section 1983. *See id.; see also Blackman*

*II*, 59 F.Supp.2d at 39–40. It appears that the District either would like to relitigate these already decided issues or have the Court treat the plaintiffs in *Blackman* differently from those in *Petties* without providing any justification for the distinction. But the Court sees no reason to treat lawyers representing members of the *Blackman* and *Jones* classes differently from those representing *Petties* class members. It therefore holds that the statutory cap does not apply to the attorneys' fees sought by this plaintiff or his lawyer.

As for the District's argument that plaintiff has not proven a custom or practice of denying plaintiff his rights under the IDEA, the Court held in *Blackman I* that the class action plaintiffs had clearly established a custom or practice; indeed, that was the basis for the Court's grant of summary judgment on liability in favor of all members of the *Blackman* and *Jones* classes. *See Blackman I*, Civil Action No. 97–1629, Opinion at 15–17. Plaintiff Edmonds was not required to address the District's custom and practice of denying him rights created by the IDEA because that issue already had been resolved in his favor.[6] This suit is one properly brought under Section 1983. The statutory cap therefore does not apply.

Until such time as there is a final resolution of this case or of the *Petties* case, and the D.C. Circuit addresses the question of whether attorneys' fees can be awarded

---

attorney who defends any action" appears after "who prevails in an action." *See* District of Columbia Appropriations Act of 2001, Pub.L. No. 106–522, Section 122(a), 114 Stat. 2440, 2464 (2000).

**6.** The Court's decision in *Walker v. District of Columbia*, 969 F.Supp. at 796–97, does not support the District's argument that plaintiff Edmonds has failed to prove that a custom or practice existed. In *Walker,* the plaintiff had to prove the District's custom or practice because he asserted different claims and sought

very different relief—money damages—than the *Blackman* and *Jones* plaintiffs for whom the Court already has held that there was a custom or practice of denying rights created by the IDEA. *See id.* at 794, 796–97. Plaintiff Edmonds raises the same types of claims addressed in *Blackman I* and thus, with respect to his claims, the Court already has decided that there was a custom or practice. *See Blackman I*, Civil Action No. 97–1629, Opinion at 15–17.

and paid under 42 U.S.C. § 1983 irrespective of the statutory cap, the Court will follow and apply its analysis in *Petties* when dealing with currently pending and future motions for attorneys' fees in *Blackman* and similar cases. It will both award attorneys' fees *and* order the District to pay attorneys' fees in amounts exceeding the statutory cap when such fees are reasonable. Unfortunately, it probably will be many years before the District meets its obligations under the Exit Plan in *Petties* or before there is a final judgment in *Blackman* and *Jones,* and this Court either dismisses the cases from its docket or enters final judgments.[7] Even then, there may be no final, appealable orders or no one with an interest in appealing the merits of the cases. It simply is unfair to make plaintiff's counsel in this case and other similarly situated lawyers wait any longer to be paid the reasonable attorneys' fees they have been awarded. Accordingly, it is hereby

ORDERED that plaintiff's motion to order defendants' to comply with the September 13, 2000 award of attorneys' fees [707–1] is GRANTED; and it is

FURTHER ORDERED that defendants' shall, within 30 calendar days of the date of this Order, pay plaintiff $32,422.00 in attorneys' fees. If this amount is not paid within 30 calendar days, it will bear interest at the rate established by 28 U.S.C. § 1961 from the 31st calendar day following entry of this Order. Defendants may negotiate with plaintiff to reach an agreement on the amount of attorneys' fees defendants should actually pay provided that such an agreement is reached and the parties file an appropriate motion or

stipulation before the 30–day period expires.

SO ORDERED.

---

7. The Revised Settlement Agreement in *Blackman* and *Jones* has not been approved, and it now appears that it may be several years

before the District is in a position to meet the terms outlined in the settlement and finally bring this case to a close.