Mikeisha BLACKMAN,
et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA,
et al., Defendants.

James Jones, et al., Plaintiffs,

v.

District of Columbia, et
al., Defendants.

Re Claim of Dionne Timmons,
mother and next friend of
Nicola Timmons.

Civil Action Nos. 97–1629(PLF),
97–2402(PLF).

United States District Court,
District of Columbia.

July 10, 2001.

Elizabeth Tacy Jester, Fawcett & Fawcett, Washington, DC, for Plaintiff.

Daniel Herbert Margolis, Patton, Boggs, L.L.P., Washington, DC, Barbara A. Miller, Birch, Horton, Bittner & Cherot, Washington, DC, William Johnson Earl, Jr., Martin Lewis Grossman, Edward P. Taptick, Nancy S. Schultz, Urenthea McQuinn, Cary Dale Pollack, Grace Perry-Gaiter, Lisa Annette Bell, Robert C. Utiger, Melvin W. Bolden, Jr., Robert Ray Rigsby, Jeffrey Thomas Infelise, Andrew W. Racca, Office of Corp., Counsel, Washingon, DC, Veleter Mazych, Cathye Hopkins, DCPS General Counsel, Washington, DC, Laurie Pouzzner McManus, Arlington, VA, for Defendants.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This action was filed under the Civil Rights Act of 1964, 42 U.S.C. § 1983, to enforce the rights of the plaintiff class members under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.,* and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.* Before the Court is the motion of plaintiffs Dionne Timmons and Nicola Timmons for interim attorneys' fees and costs incurred as a result of plaintiffs' motion for a preliminary injunction filed on August 8, 2000 to enforce a settlement agreement previously entered into with the defendants. On March 8, 2001, the Court granted plaintiffs' motion to enforce the settlement agreement.

In the motion for interim fees, plaintiffs seek $13,419.00 in attorneys' fees and $258.05 in costs. On June 8, 2001, defendants filed an opposition to the motion through their attorneys, the Corporation Counsel for the District of Columbia. Upon consideration of the arguments of the parties, the Court awards plaintiffs $13,677.05 in attorneys' fees and costs.

The Court has previously set forth the appropriate analytical framework for determining the award of attorneys' fees and costs in special education cases like this one where the plaintiffs have prevailed.

*See Blackman v. District of Columbia,* 59 F.Supp.2d 37, 42–44 (D.D.C.1999). There is no need to reiterate that analysis here. In this case, there is no doubt that the plaintiffs have prevailed, and defendants do not contest this point. The defendants also do not contest that the amount of attorneys' fees and costs sought by the plaintiffs is reasonable.

The only argument that defendants raise in their opposition is that the attorneys' fees sought are limited by the statutory cap on attorneys' fees which restricts how much the District of Columbia actually may pay in attorneys' fees in cases brought under the IDEA.[1] Why defendants make this argument is puzzling because it squarely was addressed and rejected by the Court in an opinion issued on May 10, 2001—nearly one month before defendants filed their opposition to plaintiffs' motion. *See Blackman v. District of Columbia,* 145 F.Supp.2d 47 (D.D.C.2001) (claim of Michael Edmonds). In its May 10 opinion, the Court concluded that because the claims of members of the *Blackman* and *Jones* classes (including the claims asserted by these plaintiffs) were brought under Section 1983 and not under the IDEA itself, the statutory cap on attorneys' fees does not apply; the Court therefore may both award and order immediate payment of attorneys' fees in excess of the statutory cap. *See id.* at 50–53. After reading defendants' opposition, the Court must conclude that defendants or their lawyers either have not read the May

10, 2001 opinion or simply have opted to ignore the Court's decision.[2] Although either alternative is, of course, entirely unacceptable, the latter explanation gives the Court greater cause for concern.

It should be obvious that when the Court takes the time and effort to write an opinion, to send a copy of the opinion to counsel for the parties, to post the opinion on the District Court's website, and to have the opinion published, it expects that the attorneys involved in the case not only will read the opinion but also will take that decision into account in future filings. Unfortunately, based on past experience with the Office of the Corporation Counsel in this matter, the Court cannot assume (as it should be able) that any particular Assistant Corporation Counsel has read or even received the May 10, 2001 opinion. Here, however, there are facts suggesting that counsel in this case was or should have been aware of the opinion. As required by Local Civil Rule 7.1(m), plaintiffs' counsel attempted to resolve the issue of attorneys' fees with Assistant Corporation Counsel Urenthea McQuinn who, according to plaintiffs, refused to consider payment above the statutory cap despite the May 10, 2001 opinion. If Ms. McQuinn had not read the opinion before the call from plaintiffs' counsel, this conversation provided ample notice that the Court recently had issued an opinion dealing with attorneys' fees in this litigation. Furthermore, because the undersigned discussed

---

1. The statutory cap on attorneys' fees first appeared in Section 130 of the Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999, Pub.L. No. 105–277, 112 Stat. 2681, 2681–138 (1998), then in Section 129 of the District of Columbia Appropriations Act of 2000, Pub.L.No. 106–113, 113 Stat. 1501, 1517 (1999), and most recently in Section 122 of the District of Columbia Appropriations Act of 2001, Pub.L. No. 106–522, 114 Stat. 2440, 2464 (2000).

2. Except for changing the facts relevant to these plaintiffs, defendants' opposition appears to be an almost verbatim copy of pre-May 10, 2001 oppositions to individual plaintiffs' motions for attorneys' fees and costs. At no point in the opposition do defendants even address the Court's May 10, 2001 holding.

the May 10, 2001 decision at a meeting with two of the attorneys supervising the special education litigation in the Office of the Corporation Counsel, John Greenhaugh and Robert C. Utiger, whose names also appear on the opposition in this case, and at a second meeting with the Corporation Counsel himself, the Court knows that the appropriate people were notified about this decision.

If the defendants or their lawyers did not agree with the May 10, 2001 opinion, they should have taken the appropriate steps to challenge the Court's decision in the court of appeals. Simply ignoring the opinion in future filings was not and is not an option-and it accomplishes nothing but delay and wasting the time of this Court and of members of the plaintiffs' Bar. As the defendants' opposition reiterates arguments that already have been unequivocally rejected by the Court, defendants' submission borders on the type of frivolous filing that warrants sanctions under Rule 11 of the Federal Rules of Civil Procedure. Certainly if defendants' opposition reflects a deliberate decision to ignore an opinion of the Court which is the controlling law of the case, such conduct probably would be sanctionable under Rule 11. With respect to the motion for interim attorneys' fees and costs, the only argument advanced by defendants has been foreclosed by the Court's May 10 decision. Since they have conceded that the plaintiffs are the prevailing parties and that the attorneys' fees and costs sought in the motion are reasonable, it is hereby

ORDERED that plaintiffs' motion for interim attorneys' fees and costs [814–1] is GRANTED; and it is

FURTHER ORDERED that defendants' shall, within 30 days of this Order, pay plaintiffs $13,419.00 in attorneys' fees and $258.00 in costs. If this amount is not paid within 30 days, it will bear interest at the rate established by 28 U.S.C. § 1961 from the 31st calendar day following entry of this Order.

SO ORDERED.