Mikeisha BLACKMAN, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA, et al., Defendants.

James Jones, et al., Plaintiffs,

v.

District of Columbia, et al., Defendants.

No. CIV.A. 97–1629(PLF), CIV.A. 97–2402(PLF).

United States District Court, District of Columbia.

Aug. 5, 2004.

Elise T. Baach, Washington, DC, pro se.

Andrew L. Lipps, Ky Elaine Kirby, Swidler, Berlin, Shereff & Friedman, L.L.P., Myrna L. Fawcett, Bonita Alexis Jones–Moon, Arthur Hughes Fawcett, Jr., Fawcett & Fawcett, Alisa H. Reff, Drinker, Biddle & Reath, Travis A. Murrell, Murrell & Associates, James E. Brown, James E. Brown & Associates, PLLC, James E. Williams, Jester & Williams, Maria Ludmila Merkowitz, Office of Corporation Counsel, Ronald Lee Drake, Tamara Lynn Seltzer, Margaret A. Kohn, Donna Lee Wulkan, Anna Elizabeth Jenefsky, Lawrence Hart Huebner, Laura Nicole Rinaldi, Matthew I. Fraidin, Jesse P. Goode, Washington, DC, Carolyn W. Houck, Chevy Chase, MD, Paul Leonard Chassy, Chassy & Chassy, Kensington, MD, Daniel Adlai Katz, Andalman & Flynn, Silver Spring, MD, Ellen Douglass Dalton, Paul S. Dalton, William E. Houston, Dalton & Dalton, P.C., Alexandria, VA, Diana Marjorie Savit, Savit & Szymkowicz, LLP, Bethesda, MD, Haylie Michelle Iseman, Michael J. Eig, Michael J. Eig and Associates, P.C., Chevy Chase, MD, Matthew Barry Bogin, Futrovsky, Nitkin & Scherr, Chartered, Rockville, MD, Paul Leonard Chassy, Chassy & Chassy, Kensington, MD, for Plaintiffs.

Cary D. Pollak, Daniel Albert Rezneck, Jeffery Thomas Infelise, Robert C. Utiger, Eden I. Miller, Robert Ray Rigsby, Veronica A. Porter, William Randolph Morel, Melvin W. Bolden, Jr., Office of Corporation Counsel, Daniel Herbert Margolis, Patton Boggs LLP, Lisa Annette Bell, Office of the General Counsel, Cathye Hopkins, Veleter Mazych, DCPS General Counsel, Maria L. Merkowitz, Assistant Corporation Counsel, Washington, DC, Laurie Pouzzner McManus, Arlington, VA, for Defendants.

Urenthea McQuinn, Office of Corporation Counsel, Washington, DC, for Plaintiffs and Defendants.

Evangeline Covington, Adult Legal, LLC, Washington, DC, for Interested Party.

James E. Williams, III, Elizabeth Tacy Jester, Jester & Williams, Washington, DC, for Plaintiffs and Claimants.

Charles A. Moran, Fawcett & Fawcett, Washington, DC, for Plaintiffs, Movants, Intervenor Defendants and Intervenors.

Maya Alexandri, Wilmer Cutler Pickering Hale & Dorr LLP, for Movants.

Karen D. Alvarez, Washington, DC, for Plaintiffs, Movants, and Claimant.

Lisa Kay Coleman, Office of Adjudications & Hearings, Washington, DC, for Intervenor.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This action was filed under 42 U.S.C. § 1983 to enforce the rights of the plaintiff class members under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.* Pending before the Court is a motion for attorneys' fees and costs filed by plaintiff Michelle Bridgeford, mother and next friend of Rochelle Bridge-

ford. Defendants filed both an opposition and a supplemental opposition to plaintiffs' motion, and plaintiffs filed reply briefs and a supplement to their fee motion. Upon consideration of the arguments of the parties, the Court concludes that plaintiffs are entitled to attorneys' fees, and their motion therefore is granted.

## I. BACKGROUND

On November 14, 2000, plaintiffs filed a motion for a preliminary injunction seeking defendants' compliance with an August 28, 2000 settlement agreement entered into by the parties in lieu of proceeding with a formal IDEA due process hearing. *See* Plaintiffs' Motion for an Award of Attorney's Fees and Costs ("Pls.' Mot.") at 2. The Court referred this motion to the Special Master for a report and recommendation pursuant to the February 12, 1999 Order of Reference. Upon consideration of the resulting report and recommendations, the Court issued an Òrder granting plaintiffs' motion for a preliminary injunction and ordering defendants to file a report containing a written plan for defendants' compliance with the settlement agreement. *See* Order of February 12, 2001 (In the matter of Michelle Bridgeford) ("February 12 Order") at 1–2. The Order also provided that if defendants failed to abide by the Order, defendants risked being fined up to $5,000.00 per violation. *See id.* at 2.

Plaintiffs then filed the instant motion for attorneys' fees seeking fees in the amount of $3,856.00 and $116.60 in costs for counsel's efforts in connection with the preliminary injunction motion. *See* Pls.' Mot. at 1. With the motion plaintiffs included a declaration of counsel Elizabeth T. Jester and attached an accounting of the legal services provided. *See id.*, Ex. A. Plaintiffs since have filed a supplement to their motion requesting fees and costs in the amount of $3,076.13 for their counsel's efforts in prosecuting the instant motion and again included an accounting. *See* Supplement to Plaintiffs' Motion for an Award of Attorneys' Fees and Costs at 1. In sum, therefore, counsel seeks a total of $7,048.73 in attorneys' fees and costs.

## II. DISCUSSION

█ The Court has previously set forth the appropriate analytical framework for determining the award of attorneys' fees and costs in special education cases like this one where the plaintiffs have prevailed. *See Blackman v. District of Columbia*, 59 F.Supp.2d 37, 42–44 (D.D.C. 1999). There is no need to reiterate that analysis here. In this case, defendants do not contest that the amount of attorneys' fees and costs sought by the plaintiffs is reasonable. Instead, they challenge plaintiffs' motion on two more general grounds. Defendants first argue that the attorneys' fees sought are limited by the statutory cap on attorneys' fees that restricts how much the District of Columbia actually may pay in attorneys' fees in cases brought under the IDEA. *See* Defendant District of Columbia's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for an Award of Attorneys' Fees and Costs at 3.[1] After defen-

---

1. The statutory cap on attorneys' fees first appeared in Section 130 of the Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999, Pub.L. No. 105–277, 122 Stat. 2681, 2681–138 (1998), then in each subsequent year with the exception of Fiscal Year 2002. *See* Section 129 of the District of Columbia Appropriations Act of 2000, Pub.L. No. 106–113, 113 Stat. 1501, 1517 (1999); Section 122 of the District of Columbia Appropriations Act of 2001, Pub.L. No. 106–522, 114 Stat. 2440, 2464 (2000); Section 144 of the District of Columbia Appropriations Act, 2003, Pub.L. No. 108–7, 117 Stat. 11 (2003); and Section 432 of the Consolidated Appropriations Act, 2004, Pub.L. No. 108–199, 118 Stat. 3 (2004).

dants filed their first opposition brief, however, the Court issued an opinion squarely rejecting this argument. *See Blackman v. District of Columbia*, 145 F.Supp.2d 47, 53 (D.D.C.2001) (statutory cap does not apply to Section 1983 claims).

■ Second, defendants argue that plaintiffs are not entitled to attorneys' fees in light of the Supreme Court's opinion in *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), which changed the landscape for awarding attorneys' fees under fee-shifting statutes such as 42 U.S.C. § 1988. *See* Defendants' Supplemental Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for an Award of Attorneys' Fees and Costs ("Defs.' Supp. Mem.") at 4–8.[2] In an action brought pursuant to 42 U.S.C. § 1983, the Court in its discretion "may allow the prevailing party ... a reasonable attorney's fee as part of the costs" under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. In *Buckhannon*, the Supreme Court concluded that there must be an "alteration in the legal relationship of the parties" that has been given some judicial *imprimatur* in order to qualify as a "prevailing party" under fee-shifting statutes. *Id.* at 605, 121 S.Ct. 1835.

■ Defendants argue that plaintiffs do not meet the *Buckhannon* standard because "plaintiffs' specific request for a one-on-one aide had been rendered moot by defendants' having supplied a one-on-one aide on November 17, 2000, three months before [the February 12 Order]." Defs.' Supp. Mem. at 4. As the January 22, 2001 Report and Recommendations of the Special Master indicated, however, defendants conceded in a November 30, 2000 meeting before the Special Master that they had not yet provided plaintiff adequate services. *See* Report and Recommendations of the Special Master (In the matter of Michelle Bridgeford) at 5–6. In the February 12 Order, the Court, in consideration of the Report and Recommendations and in the absence of objections by the parties, granted plaintiffs injunctive relief, ordered defendants to take express action in order to secure the relief sought, and imposed a schedule of fines on defendants in the event that defendants failed to comply with the Order. *See* Order of February 12 at 1–2. The Court concludes that this Order altered the legal relationship of the parties. by ordering the defendants to take certain steps on behalf of plaintiff or face sanctions, and clearly satisfies the "judicial imprimatur" requirement of *Buckhannon*. In the absence of any further ground on which defendants objected to plaintiffs' motion, the Court will grant plaintiffs' motion and award counsel the attorneys' fees and costs plaintiffs have requested. Accordingly, it is hereby

ORDERED that plaintiffs' motion for attorneys' fees and costs [757–1] is GRANTED; and it is

FURTHER ORDERED that defendants shall, within 30 days of this Order, pay plaintiffs $7,048.73 in attorneys' fees and costs. If this amount is not paid within 30 days, it will bear interest at the rate established by 28 U.S.C. § 1961 from the 31st calendar day following entry of this Order.

SO ORDERED.

---

**2.** Although *Buckhannon* was not a Section 1983 action, the Court has concluded that the decision's definition of "prevailing party" applies to such actions. *See Blackman v. District of Columbia*, Civil Action No. 97–1629(PLF), Opinion and Order at 9, 2004 WL 1763986, 328 F.Supp.2d 36, 42–43 (D.D.C. Aug. 4, 2004).