**Nikita PETTIES, et al., Plaintiffs,**

v.

**The DISTRICT OF COLUMBIA, et al., Defendants.**

**No. Civ.A. 95–0148(PLF).**

United States District Court, District of Columbia.

May 14, 1999.

Opinion Awarding Fees July 9, 1999.

Tanya A. Harvey, James Feldesman, Feldesman, Tucker, Leifer, Fidell & Bank, Washington, DC, for plaintiffs.

Grace Perry–Gaiter, Walter Smith, Assistant Corporation Counsel for the District of Columbia, Washington, DC, for defendants.

### ORDER

PAUL L. FRIEDMAN, District Judge.

■ This case came before the Court on the motion of defendants to vacate the Consent Order of October 23, 1998 and on the Fifteenth and Sixteenth Motions for Fees and Costs filed by plaintiffs. For the reasons stated in open Court at the hearing on May 12, 1999, the Court concludes that Section 130 of the District of Columbia Appropriations Act of 1999, which is part of the Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999, Pub.L. No. 105–277, does not apply to plaintiffs because this action was brought pursuant to 42 U.S.C. § 1983, rather than under the IDEA. Plaintiffs therefore are entitled to recover attorneys' fees pursuant to 42 U.S.C. § 1988, without regard to the limitations imposed by Section 130.

■ Because plaintiffs are recovering fees pursuant to Section 1988, however, they are not entitled to reimbursement for the costs of experts. See West Virginia University Hospitals, Inc. v. Casey, 499 U.S. 83, 88, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991). After the hearing, plaintiffs filed a response regarding reimbursement for the costs of Tony Records and Associates, Inc., in which they argue, inter alia, that those costs should be reimbursed pursuant to 28 U.S.C. § 1915. The District of Columbia has not yet had an opportunity to respond to plaintiffs' argument, and the Court therefore will not rule on that issue at this time. Accordingly, it is hereby

ORDERED that defendants' motion to vacate the Consent Order of October 23, 1998 is DENIED insofar as it seeks pursuant to Section 130 to limit the attorneys' fees paid to plaintiffs and GRANTED insofar as it seeks to vacate that portion of the Consent Order that relates to reimbursement for the cost of experts; it is

FURTHER ORDERED that plaintiffs are entitled to recover reasonable attorneys' fees on their fifteenth and sixteenth motions for attorneys' fees without regard to the limitations imposed by Section 130; it is

FURTHER ORDERED that this Order is STAYED pending appeal. See Rule 62(f), Fed.R.Civ.P.; Hoban v. Washington Metropolitan Area Transit Authority, 841 F.2d 1157, 1158–59 (D.C.Cir.1988); it is

FURTHER ORDERED that by May 21, 1999, defendants shall file a response to plaintiffs' argument that they are entitled to reimbursement for costs associated with the services of Tony Records & Associates, Inc., for the period covered by the fourteenth, fifteenth and sixteenth motions for attorneys' fees and costs; and it is

FURTHER ORDERED that in accordance with the procedure set forth in the Court's Order of June 29, 1995, for the resolution of quarterly motions for attorneys' fees, the District may file a response to plaintiffs' fifteenth and sixteenth motions for attorneys' fees within fourteen days after resolution of the appeal.

SO ORDERED.

### OPINION

This case is before the Court on plaintiffs' motion to partially lift the stay entered on May 14, 1999 with respect to payment of attorneys' fees owed to them by the District of Columbia. Class counsel has diligently litigated this case for over five years, and plaintiffs have largely prevailed. Defendants therefore clearly are liable to plaintiffs for attorneys' fees and costs. Yet defendants have refused to provide class counsel with any reimbursement for any time spent on this case from May 1998 until the present. A review of the papers submitted by the parties and the recent history of this case make clear that the relationship between opposing counsel has deteriorated and that the Of-

fice of the Corporation Counsel now is acting in a punitive way towards class counsel.

## I

Pursuant to the Court's Order of June 29, 1995, plaintiffs have filed on a quarterly basis motions for attorneys' fees and costs. On September 23, 1998, plaintiffs filed a Fourteenth Motion for Attorneys' Fees and Costs to recover costs and fees incurred for the quarterly period from May 1, 1998 through July 31, 1998. On October 22, 1998, the parties, as had been their practice, submitted a Consent Order settling plaintiffs' motion. The Court signed the Order awarding fees and costs on October 23, 1998. Two months later, on December 23, 1998, the District still had not paid the outstanding amount, and it filed a motion to vacate the Consent Order on the ground that Section 130 of the District of Columbia Appropriations Act of 1999, which is part of the Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999, Pub.L. No. 105–277, limits the fees that plaintiffs may recover in this case to $50 per hour.

On December 23, 1998, the same day that defendants filed their motion to vacate, plaintiffs filed a Fifteenth Motion for Attorneys' Fees and Costs to recover costs and fees incurred for the period from August 1, 1998 through October 31, 1998. The District opposed that motion on the ground that Section 130 precludes it from paying above $50 per hour. On April 22, 1999, plaintiffs filed a Sixteenth Motion for Attorneys' Fees and Costs seeking recovery for the period from November 1, 1999 through January 31, 1999, and the District opposed on the same grounds.

On May 14, 1999, the Court held that Section 130 does not apply to limit the fees that may be awarded in this case because Section 130 applies only to cases brought under the IDEA and this case was brought pursuant to 42 U.S.C. § 1983. *See* Order of May 14, 1999 at 1. The Court also held that in cases brought pursuant to the

IDEA, Section 130 applies only to work performed after October 21, 1998, the date of passage of Section 130. *See Calloway v. District of Columbia*, Civil Action No. 99–0037, Order of May 14, 1999. The determination that Section 130 does not apply retroactively provided plaintiffs in this case with an additional reason that Section 130 does not limit fees and costs on their Fourteenth Motion for Fees and Costs, which covered work performed in the period from May 1, 1998 through July 31, 1998, and the majority of their Fifteenth Motion for Fees and Costs, which covered work performed in the period from August 1, 1998 through October 31, 1998.

In arguing that Section 130 should apply retroactively, the defendants maintained that if Section 130 were applied only to work performed after October 21, 1998, money necessarily would be diverted from the special education budget of the District of Columbia Public Schools to the payment of attorneys' fees. While the Court was concerned about the diversion of special education resources, it nonetheless concluded that Congress did not express a clear intent to apply Section 130 retroactively to cover work performed prior to the passage of the Act and that under established case law it therefore did not apply to that work.

## II

Defendants now have advised the Court that the District is taking two different positions with respect to the retroactivity of Section 130. The Superintendent of the District of Columbia Public Schools has made a "policy judgment" to pay lawyers who have represented children in administrative proceedings fees above the Section 130 caps for work performed prior to October 21, 1998, and to forego an appeal of this Court's retroactivity ruling. *See* Defs' Response to Court's Order to Show Cause, Att. 4 (Affidavit of Arlene Ackerman) at ¶ 18. But the Corporation Counsel intends to appeal the Court's retroactivity ruling with respect to attorneys' fees for work

performed prior to October 21, 1998 for the representation in court of children with special education needs—namely the plaintiffs' lawyers in this case. The Corporation Counsel—representing both the Superintendent and the District of Columbia generally—justifies the distinction on the ground that attorneys' fees that are awarded in this case are paid out of the Settlement and Judgment Fund of the Office of the Corporation Counsel, while attorneys' fees for work done by lawyers in the administrative process are paid out of the budget of the District of Columbia Public Schools. *See* Def's Opp. at 4.

The Office of the Corporation Counsel spends a great deal of its opposition and its surreply trying to explain its seemingly indefensible decision to take one legal position for itself and another for the Superintendent of Schools, one of its clients in this case. The defendants contend that there are "differing competing considerations" from those considered by the Superintendent that "caused the Corporation Counsel to appeal the Court's ruling." Defs' Opp. at 4. In the Court's view, these conflicting positions raise serious ethical concerns. If in fact the Office of the Corporation Counsel—not a party in this action, but legal counsel for *all* defendants—is appealing the Court's retroactivity ruling, and in the unlikely event it prevails on that appeal, the Superintendent of the District of Columbia Public Schools, a client of the Office of the Corporation Counsel, will have been acting unlawfully by awarding attorneys' fees at a rate higher than the Section 130 limit. It is anomalous (or worse) for the Corporation Counsel to take one position

as a matter of law while permitting its client to take a different position as a matter of policy.

Furthermore, the District of Columbia advised Congress when it was seeking the Section 130 cap on attorneys' fees, and the Corporation Counsel advised this Court in its unsuccessful effort to defend the cap, that monies spent for attorneys' fees necessarily would be diverted from money that otherwise would be spent for students in need of special education. It now appears that the Office of the Corporation Counsel is trying only to protect its Settlement and Judgment Fund until the end of the fiscal year and to penalize lawyers who are involved in court litigation rather than administrative proceedings—or perhaps just to penalize the lawyers in this case.[1]

### III

All of that having been said, it simply is unconscionable for the District to expect prevailing class counsel to continue to represent plaintiffs without *any* compensation, as they have been doing since May 1, 1998. The Court therefore concludes that defendants are entitled to a stay only on those portions of the Fourteenth, Fifteenth and Sixteenth motions for attorneys' fees and costs that they would not be obligated to pay even if they prevail on their arguments on appeal. Certain amounts requested in plaintiffs' motions are not at issue in the appeal. First, defendants are obligated to pay at least fifty dollars per hour, the amount permitted by Section 130, regardless of whether they prevail on their appeal.[2] Second, Section 130 makes no mention of

---

1. The District has stated in its surreply that if the Court determines that "defendants *must* press the retroactivity issue in both [this case and administrative cases] or neither, then defendants will have to rethink their decision not to appeal that issue in *Calloway*." Defs' Surreply at ¶ 5. The Court possesses neither the power nor the desire to tell defendants what they can or cannot argue in the Court of Appeals or what they can or cannot appeal.

2. Section 130 technically contains two limitations: it limits the hourly rate that defendants may pay for attorneys' fees to $50 per hour and it provides that absent certain circumstances, defendants may not pay more than $1300 per case. Defendants argued only that the $50 hourly rate limit applies to this case, and did not argue before this Court that the $1300 limit applies. Defendants therefore have waived any argument on appeal that plaintiffs are limited to a total of $1300 in attorneys' fees and costs in this case.

any limitations on costs, and plaintiffs are entitled to reimbursement for costs regardless of whether defendants prevail on their appeal. The Court therefore will lift the stays and award plaintiffs fifty dollars per hour with respect to the time reasonably spent, and costs reasonably incurred, during the period from May 1, 1998 through January 31, 1999. Defendants are directed immediately to pay plaintiffs that portion of the attorneys' fees to which they are entitled up to fifty dollars per hour and all costs reasonably incurred as set forth below.[3]

Moreover, in order to insure that it remains economically feasible for class counsel to continue to represent plaintiffs in this action, and because the Court already has concluded that Section 130 cannot lawfully be applied to a case brought under Section 1983 or to work that was performed prior to passage of Section 130—and because at least part of the District of Columbia government agrees that applying Section 130 retroactively may have the unfortunate effect of discouraging counsel from representing low-income children with special education needs—it now appears to the Court that it is appropriate for the Court to take such additional steps as are within its power to ensure that plaintiffs' counsel are paid promptly for work performed between May 1998 and October 21, 1998, the effective date of Section 130. In view of all of the circumstances presented, the Court concludes that it is appropriate to use for this purpose a portion of the fines that have been paid by the District of Columbia into the Registry of the Court in this case as sanctions for the District's violations of previous Orders of the Court. The Clerk of the Court therefore is directed to pay to plaintiffs from the Registry of the Court the amounts set forth below.

If defendants do not prevail in the Court of Appeals on their argument that Section 130 applies retroactively to work performed in this case prior to October 21, 1998, or if they fail to raise such an argument, they will be obligated to pay into the Registry of the Court the amount that is being paid out to plaintiffs pursuant to this Opinion and Order. If defendants do prevail on their argument that Section 130 applies retroactively to these plaintiffs, plaintiffs are not obligated to pay any amount into the Registry of the Court. Absent a ruling in their favor from the Court of Appeals, the defendants remain obligated to pay to plaintiffs any amount that has been awarded and that plaintiffs do not receive from defendants or the Registry of the Court. The Court has broken down below the amounts that defendants are immediately obligated to pay and the amounts that will be paid from the Registry of the Court.

## IV

On plaintiffs' Fourteenth Motion for Fees and Costs, the Consent Order negotiated by the parties and entered by the Court obligated defendants to pay $145,000, or 91.7% of the total $158,087.60 in fees and costs originally requested by plaintiffs in their motion. The costs billed by plaintiffs' counsel in their motion amounted to $3029.25. Defendants are responsible for 91.7% of that amount, or $2777.82, and defendants immediately shall pay that amount. The total number of attorney and paralegal hours billed in the motion is 857.95. Ninety-one and seven tenths percent of those hours is 786.74 hours. Billed at a rate of fifty dollars per hour, the maximum allowed if the Section 130 hourly fee limitation is applied, plaintiffs are entitled to $39,337.00 even if defendants prevail on their appeal. Defendants have no argument that they do not owe at least that amount, and they are obligated immediately to pay that amount. The total amount immediately payable by

---

3. The amounts included in plaintiffs' motions that are attributable to costs for Tony Records Associates are addressed in a separate Order issued this same day and are subtracted from all calculations here.

defendants on the Consent Order entered on plaintiffs' Fourteenth Motion for Attorneys' Fees and Costs therefore is $42,114.82.

The amount to be paid from the Registry of the Court on the Consent Order entered on plaintiffs' Fourteenth Motion for Attorneys' Fees and Costs is the total amount of costs and fees awarded less the amount that was attributable to billing for Tony Records Associates and the amount that defendants are obligated to pay regardless of whether they prevail on their appeal.[4] As noted above, the total amount of fees and costs awarded on this motion is $145,000. The amount attributable to Tony Records Associates is 91.7% of $16,922.85, the amount billed, or $15,518.25. The amount immediately payable by defendants is $42,114.82. The amount payable to plaintiffs from the Registry of the Court on plaintiffs' Fourteenth Motion for Attorneys' Fees and Costs therefore is $87,366.93.

Plaintiffs seek $188,769.90 in their Fifteenth Motion for Fees and Costs. This motion covers work performed in the period from August 1, 1998 through October 31, 1998, and the bulk of the work was performed prior to October 21, 1998. The parties were unable to negotiate a consent order on this motion because by the time the motion was filed, defendants had taken the position that plaintiffs were only entitled to fifty dollars per hour. While the parties in this case historically have been able to negotiate a reasonable amount of fees and costs, it appears that the defendants have been unwilling to negotiate such awards since the passage of Section 130. The Court therefore will calculate a reasonable amount of fees and costs based on the settlements that the parties have reached on plaintiffs' past motions.

The consent orders filed on plaintiffs' previous five motions have provided plaintiffs with reimbursement as follows: on the Fourteenth motion, defendants agreed to pay and plaintiffs were awarded 91.7% of the fees and costs requested: on the Thirteenth motion, plaintiffs received 90%; on the Twelfth motion, plaintiffs received 89%; on the Eleventh motion, plaintiffs received 78%; and on the Tenth motion, plaintiffs received 91%. Defendants on average therefore have agreed to pay 88% of the fees and costs requested by plaintiffs.

In their Fifteenth Motion for Fees and Costs, plaintiffs have requested $188,769.90. After subtracting the $32,755.92 in fees attributable to Tony Records Associates, plaintiffs' request is for $156,013.98. Of that total amount, $150,027.25 is billed for fees and $5,986.73 is costs. Eighty-eight percent of that total amount is $137,292.30, out of which $132,023.57 is fees and $5268.73 is costs. The Court therefore will grant plaintiffs' Fifteenth Motion for Fees and Costs in the amount of $137,292.30.

Defendants immediately shall pay $5268.73, the amount of the costs. The total number of attorney and paralegal hours billed in the motion is 967.4 hours. Eighty-eight percent of those hours is 851.31 hours. Billed at a rate of fifty dollars per hour, the maximum allowed if the Section 130 hourly fee limitation is applied, plaintiffs are entitled to $42,565.50 even if defendants prevail on their appeal. Defendants have no argument that they do not owe at least that amount, and they are obligated immediately to pay that amount. The total amount immediately payable by defendants on plaintiffs' Fifteenth Motion for Fees and Costs therefore is $47,833.82.

The amount to be paid from the Registry of the Court on the award for plaintiffs' Fifteenth Motion for Fees and Costs is the amount of fees awarded for work performed prior to October 21, 1998, less the $50 per hour on that same work that defendants are obligated to pay regardless of whether they prevail on their appeal. By

---

4. As noted above, *see supra* at n. 3, the amounts that are attributable to Tony Records Associates are addressed in a separate Order.

the Court's calculation, plaintiffs in their Fifteenth Motion billed the following number of hours for work performed prior to October 21, 1998: 235.5 hours for Beth Goodman; 178.45 hours for Tanya Harvey; 25.95 hours for Jennifer Rosenberg; 136.55 hours for Elizabeth Greczek; 4.3 hours for Joyce McGee; and 295.75 hours for Nicole Olivier, the paralegal. Eighty-eight percent of those hours multiplied by fifty dollars less than each attorney's normal hourly rate results in the following charges: $36,267.00 for Beth Goodman: $21,985.60 for Tanya Harvey; $2512.40 for Jennifer Rosenberg: $13,217.60 for Elizabeth Greczek; $189 for Joyce McGee; and $9109.10 for Nicole Olivier, the paralegal. The amount payable to plaintiffs from the Registry of the Court on plaintiffs' Fifteenth Motion for Fees and Costs, the sum of those charges, therefore is $83,280.70.

Finally, plaintiffs seek a total award of $212,867.46 in their Sixteenth Motion for Fees and Costs. After subtracting out $17,122.38 attributable to Tony Records Associates, plaintiffs are seeking $195,-745.08. Of that total amount, $191,175.50 is billed for fees and $4569.58 is costs. Applying the same analysis to this motion as to the Fifteenth Motion for Fees and Costs, eighty-eight percent of that total amount is 172.255.67, out of which $168,-234.44 is fees and $4,021.30 is costs. The Court therefore will grant plaintiffs' Sixteenth Motion for Fees and Costs in the amount of $172,255.67.

Defendants immediately shall pay $4021.23, the amount of costs. The total number of attorney and paralegal hours billed in the motion is 1205.4 hours. Eighty-eight percent· of those hours is 1060.75 hours. Billed at a rate of fifty dollars per hour, the maximum allowed if the Section 130 hourly fee limitation is applied, plaintiffs are entitled to $53,037.50 even if defendants prevail on their appeal. Defendants have no argument that they do not owe at least that amount, and they are obligated immediately to pay that amount. The total amount immediately payable by

defendants on plaintiffs' Sixteenth Motion for Fees and Costs therefore is $57,058.73.

SO ORDERED.