Erik **CHAVEZ**, et al., **Plaintiffs,**

v.

**DISTRICT OF COLUMBIA,**
**et al., Defendants.**

**No. CIV.A.98–3036 PLF.**

United States District Court,
District of Columbia.

Aug. 5, 2004.

Roy Carleton Howell, Murrell & Brown, Travis A. Murrell, Murrell & Associates, Washington, DC, for Plaintiffs.

Cary D. Pollak, Office of Corporation Counsel, Grace Perry-Gaiter, District of Columbia Public Library, Washington, DC, for Defendants.

### MEMORANDUM OPINION
### AND ORDER

PAUL L. FRIEDMAN, District Judge.

This action was filed under 42 U.S.C. § 1983 to enforce plaintiffs' rights under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* After prevailing on a motion for a preliminary injunction, *see* Order of June 8, 1999, plaintiffs filed a motion for attorneys' fees seeking an award of $31,000.50 pursuant to 42 U.S.C. § 1988, under which reasonable

attorneys' fees may be awarded to the prevailing party in an action brought under Section 1983. *See* 42 U.S.C. § 1988(b). In a Memorandum Opinion and Order of March 31, 2000, the Court granted plaintiffs' motion, and awarded them $17,000.00, an amount agreed upon by the parties during the course of the litigation. *See* Memorandum Opinion and Order of March 31, 2000 at 1. The only question that remained for the Court was when and how such fees should be paid.

The District of Columbia argued that Section 130 of the Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999, Pub.L. 102–277, 112 Stat. 2681 (1998) ("Section 130"), limited the amount of attorneys' fees that may be recovered by plaintiffs in IDEA cases, whether those cases were brought under the IDEA itself or whether they were brought under Section 1983 to enforce rights guaranteed by the IDEA. Section 130 set a cap of $50 per hour on attorneys' fees that the District of Columbia could have paid in proceedings "brought against the District of Columbia Public Schools under the Individuals with Disabilities Education Act (20 U.S.C. 1400 *et seq.*)." Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999 § 130(1). Section 130 further set a cap on attorneys' fees of $1,300 per student who prevailed in an action brought against the District. *Id.* § 130(2).

Prior to its issuance of the March 31, 2000 Memorandum Opinion in this case, the Court had held that Section 130 did not "limit the Court's authority to award reasonable attorneys' fees" in cases brought under the IDEA, even though Section 130 may have limited the District's authority to pay the fees awarded so long as the statutory cap remained on the books. *Calloway v. District of Columbia,* Civil Action No. 99–0037, 1999 U.S. Dist. LEXIS 13751, at *2 (D.D.C. May 14, 1999).

This Court also had held that Section 130 did not apply at all to actions under Section 1983 to enforce rights accorded under the IDEA. *See Petties v. District of Columbia,* 55 F.Supp.2d 17, 17 (D.D.C.1999); *Blackman v. District of Columbia,* 59 F.Supp.2d 37, 39 (D.D.C.1999). Because the Court's prior rulings concerning Section 130 and *Calloway* and *Petties* were on appeal at the time of the March 31, 2000 opinion, however, and because the issues on appeal were ones directly related to those in this case, the Court did not direct an award of attorneys' fees in the full amount in the March 31, 2000 Memorandum Opinion. *See* Memorandum Opinion and Order of March 31, 2000 at 2. Instead, the Court awarded plaintiffs the $17,000.00, but directed the immediate payment of only $1,300.00, the fee award allowable under the Section 130 cap. The Court stayed the remainder of the award pending the outcome of the *Calloway* and *Petties* appeals. *See id.* at 3.

Later in 2000, the court of appeals upheld this Court's decision in *Calloway,* concluding that while the statutory caps restrict the amount defendants may pay in fees in cases brought under the IDEA, they do not restrict the Court's authority to award fees in excess of such caps. *See Calloway v. District of Columbia,* 216 F.3d 1, 12 (D.C.Cir.2000). With respect to cases brought under Section 1983, however, the court of appeals did not reach the merits of the *Petties* appeal, concluding that it lacked jurisdiction to hear the matter. *See Petties v. District of Columbia,* 227 F.3d 469, 473 (D.C.Cir.2000). This Court subsequently determined that "in the absence of a decision to the contrary by the court of appeals, this Court's decision in *Petties* governs fee applications in this and all related or similar special education cases." *Blackman v. District of Columbia,* 145 F.Supp.2d 47, 51 (D.D.C. 2001). In that decision, the Court there-

fore ordered payment of attorneys' fees sought in Section 1983 actions without regard to the IDEA statutory cap. *See id.* at 54.

In response to the *Calloway* and *Petties* decisions from the court of appeals, these plaintiffs moved for enforcement of the attorneys' fee award ordered in the Memorandum Opinion and Order of March 31, 2000. Defendants oppose the motion, erroneously assuming that plaintiffs rest their motion solely on a change in the District of Columbia Appropriations Act of 2002. *See* Section 140(a) of the District of Columbia Appropriations Act of 2002, Pub.L. No. 107–96, 115 Stat. 923 (2001) ("Section 140 (2002)"). That is not the case. Rather, plaintiffs chiefly rely on the court of appeals' decisions and this Court's 2001 decision in *Blackman.*

In light of the court of appeals' decisions and this Court's subsequent decision on this issue, the Court concludes that it must grant plaintiffs' motion and order the payment of the remaining $15,700.00 in attorneys' fees.[1] Accordingly, it is hereby

ORDERED that plaintiffs' Motion for the Enforcement of Attorneys' Fees [38–1] is GRANTED; it is

FURTHER ORDERED that Plaintiffs' Expedited Motion for Immediate Removal of the March 31, 2000 Stay, and Release of $15,700 in Attorneys' Fees [46–1] is DENIED as moot; and it is

FURTHER ORDERED that defendants shall pay plaintiffs $15,700.00 in attorneys' fees and costs on or before September 3, 2004. If this amount is not paid on or before September 3, 2004, it will bear interest at the rate established by 28 U.S.C. § 1961 from September 4, 2004.

SO ORDERED.

*See Watkins v. Vance,* Civil Action No. 98–3031(PLF), Opinion at 12, 2004 WL 1763922, 328 F.Supp.2d 27, 36 (D.D.C. Aug. 4, 2004).

---

1. While Section 140(a) (2002) does reference Section 1988, the Court has concluded that this subsection does not affect the Court's award of attorneys' fees to plaintiffs here.