Chawntavia **WATKINS,**
et al., **Plaintiffs,**

v.

Paul **VANCE, et al., Defendants.**

**Alicia Rice, mother and next friend of the minor child De'Mitria Rice, Plaintiffs,**

v.

**Paul Vance, et al., Defendants.**

**No. CIV.A 98–3081(PLF), CIV.A. 00–0330(PLF).**

United States District Court, District of Columbia.

Aug. 5, 2004.

Laffey Matrix 1992–2003, *available at* http://www.usdoj.gov/usao/dc /Divisions/Civil_Division/Laffey_Matrix_2.html.

See also, 2004 WL 1763918, 328 F.Supp.2d 23.

Donna Lee Wulkan, Washington, DC, for Plaintiffs.

Barbara A. Miller, Birch, Horton, Bittner & Cherot, Edward P. Taptich, Nancy S. Schultz, Robert C. Utiger, Scott Michael Leighton, Cary D. Pollak, Office Of Corporation Counsel, Lisa Annette Bell, Office of the General Counsel, Washington, DC, Laurie Pouzzner McManus, Arlington, VA, for Defendants.

*OPINION*

PAUL L. FRIEDMAN, District Judge.

This matter is before the Court on plaintiffs' fourth motion for attorneys' fees with respect to counsel's activities in connection with the claims of Kenneth Massey, Joshua McMillian and De'Mitria Rice and in connection with the time expended litigating their claims for attorneys' fees.[1] Upon careful consideration of the parties' briefs and supporting materials, the Court will grant plaintiffs' motion in part and deny it in part.

## I. BACKGROUND

The procedural history with respect to the three remaining plaintiffs in these consolidated actions is as follows: The plaintiffs in Civil Action No. 98–3081 originally filed their complaint on December 18, 1998 under 42 U.S.C. § 1983 to enforce their rights under the Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* The Court consolidated this action with several other actions including *Blackman v. District of Columbia,* Civil Action No. 97–1629 on February 17, 1999. On April 20, 1999, the Court granted preliminary injunctions regarding the claims of plaintiffs Joshua McMillian and Kenneth Massey.

On February 23, 2000, Alicia Rice, on her own behalf and on behalf of De'Metria Rice, filed Civil Action No. 00–0330 under Section 1983 to enforce their rights under the IDEA, and on February 29, 2000, the Court consolidated this action with those already consolidated with the *Blackman* matter. On August 17, 2000, the Court granted the preliminary injunctive relief regarding the claim of De'Mitria Rice in Civil Action No. 00–0330. Counsel for plaintiffs in the above-captioned actions then filed a joint motion for attorneys' fees in compliance with the Court's January 30, 2001 Order in Civil Action No. 00–0330, which directed plaintiffs to file their motions for attorneys' fees in the original action rather than in the *Blackman* matter.

Plaintiff Kenneth Massey seeks the recovery of $30,146.42 in attorneys' fees and costs, plaintiff Joshua McMillian seeks the recovery of $1,395.10 in attorneys' fees and costs, and plaintiff De'Mitria Rice seeks $16,821.85 in attorneys' fees and costs. Plaintiffs also jointly seek $6,698.83 in fees for litigating their third and fourth motions for attorneys' fees claims. Defendants concede that plaintiffs have prevailed in this matter and are entitled to reasonable attorneys' fees and costs. They argue, however, that the amount of attorneys' fees sought by plaintiffs is unreasonable and should be reduced. In their reply, plaintiffs concede that with respect to the claim of Kenneth Massey, the July 12, 1999 billing entry is duplicative and that the request for fees therefore should be reduced by $80.00. Plaintiffs also concede that with respect to Joshua McMillian, a fee petition for counsel's ef-

---

1. The action originally was brought on behalf of 56 plaintiffs. Out of the original action, only the three instant fee petitions remain for disposition.

forts on December 21, 1999, January 20, 2000 and January 21, 2000 already was submitted in a previous motion for attorneys' fees. Plaintiffs' request for fees therefore will be reduced by a further $212.80. Plaintiffs argue that the Court should reject defendants' remaining arguments for a reduction in attorneys' fees.

## II. DISCUSSION

### A. Standard for Evaluating Attorneys' Fees Petitions

 The Court has previously set forth the appropriate analytical framework for determining the award of attorneys' fees and costs in special education cases like this one. *See Blackman v. District of Columbia*, 59 F.Supp.2d 37, 42–44 (D.D.C. 1999). To recover reasonable attorneys' fees, plaintiffs must first demonstrate that each is a prevailing party in the litigation. *See id.* at 40–41. The Court then must determine whether the fees sought are reasonable by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"—the so-called "lodestar" fee. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).[2] In this case, defendants do not contest that plaintiffs are prevailing parties, and the Court's review of the motion and related filings confirm that in fact plaintiffs did prevail in this matter.

 On the issue of reasonableness, plaintiffs must submit supporting documentation with the motion for attorneys'

fees, providing sufficient detail so that the Court can determine "*with a high degree of certainty*" that the hours billed were actually and reasonably expended, that the hourly rate charged was reasonable, and that the matter was appropriately staffed to do the work required efficiently and without duplicative billing. *In re Olson*, 884 F.2d 1415, 1428–29 (D.C.Cir.1989) (emphasis in original); *see Hensley v. Eckerhart*, 461 U.S. at 433, 103 S.Ct. 1933; *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C.Cir.1995), *cert. denied*, 516 U.S. 1115, 116 S.Ct. 916, 133 L.Ed.2d 847 (1996). At a minimum, a fee applicant must provide some information about the attorneys' billing practices and hourly rate, the attorneys' skill and experience (including the number of years that counsel has practiced law), the nature of counsel's practice as it relates to this kind of litigation, and the prevailing market rates in the relevant community. *See Covington v. District of Columbia*, 57 F.3d at 1107.[3]

 Once the plaintiff has provided such information, there is a presumption that the number of hours billed and the hourly rate are reasonable, and the burden shifts to the defendants to rebut plaintiff's showing of reasonable hours and reasonable hourly rates for attorneys of this skill level and experience for this kind of case. "[I]n the normal case the Government must either accede to the applicant's requested rate or provide *specific contrary evidence* tending to show that a lower rate would be appropriate." *Covington v. Dis-*

---

**2.** After calculating the lodestar figure, in some cases the Court in its discretion may adjust the fee upward or downward based on other considerations, especially the degree of success that plaintiff had in prevailing on his or her claim. *See Farrar v. Hobby*, 506 U.S. 103, 114–15, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

**3.** The prevailing market rate can be determined by reference to the so-called *Laffey*

matrix. *See Laffey v. Northwest Airlines, Inc.*, 572 F.Supp. 354 (D.D.C.1983), *rev'd on other grounds*, 746 F.2d 4 (D.C.Cir.1984), *cert. denied*, 472 U.S. 1021, 105 S.Ct. 3488, 87 L.Ed.2d 622 (1985). If the hourly rate requested is above what is allowed by the *Laffey* matrix, the rate will be reduced to the maximum hourly rate provided by the *Laffey* matrix.

trict of Columbia, 57 F.3d at 1109–10 (quoting Nat'l Ass'n of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319, 1326 (D.C.Cir.1982)) (emphasis added).

## B. Reasonableness of the Fee Petitions

■ With respect to all three claims, defendants argue that the hourly billing rate for attorney Jamie Rodriguez should be reduced from $160.00 per hour to $125.00 per hour for those billing entries falling between December 15, 1999 and May 31, 2000. Defendants claim that billing documentation submitted by plaintiffs' counsel in a separate case shows that Ms. Rodriguez's billing rate was only $125.00 per hour and thus the higher rate is unjustified. The Court concludes, however, that the higher rate is appropriate. First, defendants' argument is based on a faulty premise. Plaintiffs' counsel charged clients $125.00 per hour for work performed by Ms. Rodriguez for that period of time after she began working for the law firm and before she was admitted to the bar. After Ms. Rodriguez was admitted to the bar, in December 1999, her billing rate was raised to $175.00 per hour. Thus, contrary to defendants' assertions, the $160.00 per hour plaintiff seeks to recover for Ms. Rodriguez's work from December 15, 1999 to May 31, 2000 actually is lower than her normal billing rate. Second, the prevailing party is entitled to recover attorneys' fees based on the Laffey matrix. See Covington v. District of Columbia, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C.Cir.1995); Blackman v. District of Columbia, 59 F.Supp.2d 37, 43 (D.D.C. 1999) (citing Laffey v. Northwest Airlines, Inc., 572 F.Supp. 354, (D.D.C.1983), rev'd on other grounds, 746 F.2d 4 (D.C.Cir. 1984)). In this case, based on Ms. Rodriguez's experience at the time and the evidence submitted in support of this motion, plaintiff is entitled to recover $160 per hour for the time she spent working on this matter.

■ With respect to the claim of Kenneth Massey, defendants argue that the time spent by plaintiffs' counsel reading and reviewing pleadings and rulings in this case is excessive and should be reduced by at least half. Similarly, defendants object that the time spent by counsel preparing the third and fourth attorneys' fees motions also is excessive. In connection with this case and plaintiffs' previous requests for attorneys' fees, the Court has rejected similar arguments, observing that special education cases such as this are often complex and concluding that plaintiffs' counsel have exercised appropriate billing judgment making the number of hours expended reasonable. See Watkins v. Ackerman, Civil Action No. 98–3026, Memorandum Opinion and Order at 1–2 (D.D.C. Sept. 20, 2000); Watkins v. Ackerman, Civil Action No. 98–3026, Memorandum Opinion and Order at 6 (D.D.C. March 31, 2000). The Court has evaluated defendants' arguments in connection with this specific motion for attorneys' fees and the documentation provided to support the claim, and concludes that defendants have failed to provide the Court with any persuasive reason why it now should question whether plaintiffs' counsel has exercised appropriate billing judgment when reviewing the various pleadings, reports and documents involved in this case.

## C. Fees Sought Pursuant to Section 1983, Not the IDEA

For all three claims, defendants also argue that certain attorneys' fees incurred by plaintiffs are barred by the IDEA. With respect to Kenneth Massey, defendants challenge fees for counsel's activities subsequent to the Order of April 12, 2001 that directed defendants to develop and implement an IEP. With respect to De'Metria Rice, defendants similarly object to fees relating to counsel's efforts undertaken after the August 17, 2000 Order granting

plaintiffs' preliminary injunction. Defendants contend that attorneys' fees may be recovered under the IDEA only for proceedings brought under 20 U.S.C. § 1415(i) and not for fees incurred for work performed by an attorney in connection with IEP meetings, post-decision counseling or post-decision attempts to place a plaintiff in a particular school or program. *See* 20 U.S.C. § 1415(i)(3)(B) ("In any action or proceeding brought under [the IDEA], the court, in its discretion, may award reasonable attorneys' fees ... [to] the prevailing party."). Attorneys' fees incurred after the orders were issued are not recoverable, defendants argue, because such fees were not incurred in connection with an administrative or judicial proceeding but rather were incurred after the judicial proceeding had concluded.

 The claims advanced by these plaintiffs were not brought under the IDEA but rather under Section 1983, and the IDEA's restrictions on attorneys' fees therefore do not apply. *See Blackman v. District of Columbia*, Civil Action No. 97–1629, Memorandum Opinion and Order at 5 (D.D.C. Oct. 17, 2001) (claim of J. Howard) (IDEA restrictions on recovery of attorneys' fees for certain activities do not apply to Section 1983 claims). Furthermore, even if the restrictions in the IDEA did apply in this context, Section 1415 of the IDEA provides that attorneys' fees may not be recovered in connection with an IEP meeting *"unless such meeting is convened as a result of an administrative proceeding or judicial action."* 20 U.S.C. § 1415(i)(3)(D)(ii) (emphasis added). In the Order of April 12, 2001, the Court directed defendants to develop an IEP for Kenneth Massey "as soon as practicable." *See* Order of April 12, 2001 at 1. The Court concludes that plaintiffs' counsel's efforts in scheduling a timely IEP meeting, especially in light of defendants' failures to provide Kenneth an adequate IEP in the first place, are recoverable because the effort was the direct result of a court order. Similarly, this Court's Order of August 17, 2000 relating to De'Metria Rice expressly concerned her transportation to St. Coletta School and provided in great detail instruction for her transportation. *See* Order of August 17, 2000 at 1. Plaintiffs' counsel's subsequent effort to secure this transportation therefore is compensable because the effort was the direct result of a court order. The Court therefore will order payment of those fees and related costs.[4]

 With respect to Joshua McMillian, defendants argue that the Court should not grant plaintiffs' motion with respect to activities that took place after plaintiffs filed their third motion for fees on February 2, 2000.[5] Plaintiffs counter that in the Order of December 27, 1999, which directed defendants to provide in-home counseling to Joshua, the Court also ordered the parties to file a proposed supplemental order with the Court in the event that Joshua's therapy service recommended any additional in-home counseling on completion of the fourteen sessions originally ordered. The Court concludes that plaintiffs' counsel's activities in determining the therapy service's position with respect to past and additional counseling and the

---

**4.** The Court will not award fees for those activities that are unrelated to the transportation effort. Accordingly, counsel's work for De'Metria Rice of September 22, 2000 ($28.05) and December 5, 2000 ($28.05) will not be compensated.

**5.** Defendants do not dispute the fee petition for those entries that involve plaintiffs' response to defendants' motion to modify the Court's order regarding in-home counseling. These four entries from February 7, 2000 to February 10, 2000 total $372.80. Similarly, defendants consent to $10.65 in costs associated with this effort.

costs associated with those efforts should be compensated; counsel properly monitored the circumstances in accordance with the Order. Plaintiffs have not offered any reason, however, why efforts related to the child's new placement that took place from January through March 2001 should be compensated; plaintiffs do not tie these efforts to any court order or otherwise demonstrate a basis for payment of fees. The Court therefore will deduct those amounts, totaling $290.40, from the fee award and the costs associated with those activities, totaling $2.44.

### D. Applicability of Section 140 of the District of Columbia Appropriations Act of 2002

 After the briefing on plaintiffs' motion was concluded, the Court ordered the parties to submit supplemental filings on whether Section 140 of the District of Columbia Appropriations Act of 2002 applied to the instant motions. By way of background, the House Committee on Appropriations, in considering the District of Columbia's fiscal year 1999 appropriations request, adopted an appropriations rider that limited defendants' fee payments under the IDEA, the so-called "fee cap." The cap was included as Section 130 of the D.C. appropriations bill passed by Congress and signed by the President. *See Calloway v. District of Columbia*, 216 F.3d 1, 4 (D.C.Cir.2000) (citing Section 130 of the Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999, Pub.L. 102–277, 112 Stat. 2681 (1998) ("Section 130 (1999)")). Congress included that limit, or "cap," in appropriations bills for subsequent fiscal years for actions brought under the IDEA. *See* Section 129 of the District of Columbia Appropriations Act of 2000, Pub.L. No. 106–113, 113 Stat. 1501, 1517 (1999); Section 122 of the District of Columbia Appropriations Act of 2001, Pub.L. No. 106–522, 114 Stat. 2440, 2464 (2000); Section 144 of the District of

Columbia Appropriations Act, 2003, Pub.L. No. 108–7, 117 Stat. 11 (2003); and Section 432 of the Consolidated Appropriations Act, 2004, Pub.L. No. 108–199, 118 Stat. 3 (2004) ("Section 432 (2004)").

In 2000, the court of appeals, agreeing with this Court, concluded that while these statutory caps restrict the amount defendants may *pay* in attorneys' fees, they do not restrict the Court's authority to *award* fees in excess of the cap. *See Calloway v. District of Columbia*, 216 F.3d at 12. In addition, this Court has determined that the statutory caps placed upon attorneys' fees by Congress under the IDEA do not apply at all to attorneys' fees sought under 42 U.S.C. § 1988 in actions brought pursuant to Section 1983 of the Civil Rights Act to enforce rights under the IDEA. *See Blackman v. District of Columbia*, 145 F.Supp.2d 47, 51 (D.D.C.2001); *Petties v. District of Columbia*, 55 F.Supp.2d 17, 18 (D.D.C.1999). As the Court has stated in interpreting the language of the fee cap statutes:

> [T]he statutory cap applies only when attorneys' fees are incurred in suits brought directly under the IDEA itself and not in suits brought under Section 1983. Section 130 does nothing to change the rights of prevailing parties in Section 1983 actions which rights remain intact under 42 U.S.C. § 1988. Thus, with respect to attorneys' fees sought by lawyers representing the plaintiffs in the *Petties* class, . . . the statutory cap simply was not applicable.

*Blackman v. District of Columbia*, 145 F.Supp.2d at 53 (bracketing, internal quotation and citation to transcript of oral ruling omitted).

The Appropriations Act of 2002 was different from the other years' appropriations bills. It did not include a cap on IDEA attorneys' fees, but did include a different

kind of restriction on the award of fees. The legislation for that year provided:

> Notwithstanding 20 U.S.C. § 1415, 42 U.S.C. § 1988, 29 U.S.C. § 794a, or any other law, none of the funds appropriated under this Act, or in appropriations Acts for subsequent fiscal years, may be made available to pay attorneys' fees accrued prior to the effective date of this Act that exceeds a cap imposed on attorneys' fees by prior appropriations Acts that were in effect during the fiscal year when the work was performed, or when payment was requested for work previously performed, in an action or proceeding brought against the District of Columbia Public Schools under the Individuals with Disabilities Education Act (20 U.S.C. § 1400 *et seq.*).

Section 140(a) of the District of Columbia Appropriations Act of 2002, Pub.L. No. 107–96, 115 Stat. 923 (2001) ("Section 140 (2002)"). The question before the Court now is whether Section 140 (2002) limits the amount defendants may pay to plaintiffs in this Section 1983 action.

Defendants argue that Section 140(a) bars the District's use of funds appropriated by the 2002 Act for payment of attorneys' fees in excess of the fee caps imposed in prior District appropriations acts in Section 1983 cases brought to secure rights under the IDEA. They argue that it does under the plain meaning of the language of Section 140 (2002) ("notwithstanding . . . 42 U.S.C. § 1988 . . . or any other law"). Plaintiffs counter that while Section 1988 is referenced in the opening line of Section 140(a) (2002), the final words of Section 140(a) expressly limit application of this provision to fees sought for work performed in "an action or proceeding brought against the District of Columbia Public Schools under the Individuals with Disabilities Education Act (20 U.S.C. 1400 *et seq.*)." Because this action was not brought under the IDEA, but under Section 1983, they maintain, the con-

gressional restriction in the Appropriations Act of 2002 does not apply. The Court agrees with plaintiffs. By its plain meaning, the restrictions of Section 140(a) (2002) apply only to cases brought under the IDEA itself. To interpret this provision to preclude awards in connection with substantive Section 1983 claims would render the language in the final portion of the sentence incomplete because there is no reference to actions brought under Section 1983. Similarly, while the attendant Sections 140(b) and (c) of the 2002 Act require accountings for payments of attorneys' fees in prior years under particular sections of the IDEA, no such accounting is required for actions brought under Section 1983 or with respect to fees sought or awarded under Section 1988 or any other of the statutes referenced in the first portion of the provision.

This interpretation does not render the "Section 1988" language in the beginning of the first sentence superfluous. Under the plain language of the statute, the provision still prevents parties from using other statutes, including Section 1988, to collect the IDEA attorneys' fees awarded for counsel's pre-Section 140 (2002) efforts by courts under *Calloway* but that remain unpaid because of the statutory cap. The language also prevents plaintiffs from filing a separate Section 1983 action seeking payment for such past attorneys' fees awarded under the IDEA in the event the statutory cap is ever dissolved. The legislative history provided by defendants supports this reading of the statute. Indeed, in her comments on the proposed legislation, the provision's principal sponsor, Senator Kay Bailey Hutchison, expressly stated that the intent was to "prevent an estimated $32 million in retroactive attorney's fees from being awarded as threatened by the D.C. Circuit Court. That court has ruled that should the cap be lifted, they will go back and actually undo

the will of Congress by awarding all the billed attorney fees in excess of the caps during the last three years." 147 CONG. REC. S11515 (daily ed. Nov. 7, 2001) (statement of Sen. Hutchison). These plaintiffs, by contrast, did not file suit seeking payment of earlier fee awards, but sought relief for defendants' substantive denial of rights they had secured in the IDEA administrative process. The Court therefore concludes that Section 140 (2002) does not limit the amount of attorneys' fees the Court may order the defendants to pay in this Section 1983 action. An Order consistent with this Opinion shall issue this same day.

SO ORDERED.

## *ORDER*

For the reasons stated by separate Opinion issued this same day, it is hereby

ORDERED that plaintiffs' fourth motion for attorneys' fees and costs [115–1] is GRANTED in part and DENIED in part; it is

FURTHER ORDERED that with respect to Kenneth Massey, defendants shall pay plaintiffs $30,066.42 in attorneys' fees and costs on or before September 3, 2004. If this amount is not paid on or before September 3, 2004, it will bear interest at the rate established by 28 U.S.C. § 1961 from September 4, 2004; it is

FURTHER ORDERED that with respect to Joshua McMillian, defendants shall pay plaintiffs $889.46 in attorneys' fees and costs on or before September 3, 2004. If this amount is not paid on or before September 3, 2004, it will bear interest at the rate established by 28 U.S.C. § 1961 from September 4, 2004; it is

FURTHER ORDERED that with respect to De'Metria Rice, defendants shall pay plaintiffs $16,765.75 in attorneys' fees and costs on or before September 3, 2004. If this amount is not paid on or before September 3, 2004, it will bear interest at the rate established by 28 U.S.C. § 1961 from September 4, 2004; it is

FURTHER ORDERED that defendants shall pay to plaintiffs jointly a total of $6,698.83 in attorneys' fees and costs for counsel's activities related to the third and fourth motions for attorneys' fees and costs on or before September 3, 2004. If this amount is not paid on or before September 3, 2004, it will bear interest at the rate established by 28 U.S.C. § 1961 from September 4, 2004; and it is

FURTHER ORDERED that this Order constitutes a final appealable Order. *See* FED. R. APP. P. 4(a).

SO ORDERED.